IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CARLOS BIBIANO                                                                                    PLAINTIFF

V.                                    CASE NO. 4:16-CV-04070

THE LAW OFFICE OF AMY E. HARRISON,
P.L.L.C.; and AMY HARRISON, individually                                                DEFENDANTS

## ORDER

Before the Court is Defendants' Motion to Dismiss. ECF No. 6. Plaintiff has filed a response. ECF No. 7. The Court finds this matter ripe for consideration.

### I. BACKGROUND

Plaintiff filed his Complaint on August 1, 2016. ECF No. 1. Plaintiff states that on or about June 4, 2013, he was involved in a motor vehicle accident in McCurtain County, Oklahoma. ECF No. 1, ¶ 7. Plaintiff claims that he suffered severe injuries and was air lifted to Mercy Hospital in Fort Smith, Arkansas. ECF No. 1, ¶ 7. Plaintiff alleges that, while being treated in Fort Smith, Arkansas, Defendant Amy Harrison "came to Plaintiff's hospital room unsolicited on multiple occasions, eventually securing the Plaintiff's signature on an attorney-client agreement authorizing her to prosecute the Plaintiff's claims against the at-fault driver[.]" ECF No. 1, ¶ 8. The record is unclear as to whether the parties executed the aforementioned agreement in Arkansas or Oklahoma.

Plaintiff subsequently mailed Defendants a letter, dated November 4, 2014, stating that he no longer wished for Defendants to represent him. ECF No. 6-1. Defendants responded by letter dated November 12, 2014, and acknowledged Plaintiff's letter and stated that "the contract of representation is no longer in effect." ECF No. 6-2. Defendants further advised Plaintiff that

he should seek the advice of an attorney regarding relevant deadlines, and warned Plaintiff that failure to meet those deadlines would result in his claim being barred. ECF No. 6-2. However, on June 11, 2015, Defendants filed a Petition in the District Court of McCurtain County, Oklahoma, seeking relief on behalf of Plaintiff for injuries and damages incurred as a result of the motor vehicle accident of June 4, 2013. ECF No. 1, ¶ 2; ECF No. 1-1. It is unclear why Defendants filed suit on behalf of Plaintiff, as it appears Plaintiff terminated the representation and the termination was acknowledged by Defendants.

Plaintiff claims that the petition filed in Oklahoma state court was "filed one week outside of the applicable statute of limitations under Oklahoma Law [sic]; and therefore, Plaintiff is forever barred from recovering damages incurred as a result of the negligence of the at-fault driver in the aforementioned wreck." ECF No. 1, ¶ 10. Based on this assertion, Plaintiff now seeks recovery under theories of (1) negligence, (2) breach of contract, and (3) fraud.

Defendants filed the present Motion to Dismiss in response to Plaintiff's Complaint. ECF No. 6. Defendants seek dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), (3), and (6) as well as Okla. Stat. tit. 12, § 19.1. ECF No. 6, p. 1. Specifically, Defendants argue: (1) that, pursuant to 28 U.S.C. § 1391, Plaintiff filed the present action in the incorrect venue and that it should have been filed in the Eastern District of Oklahoma; (2) that dismissal is warranted because Plaintiff failed to submit an affidavit of merit, as required by Okla. Stat. tit. 12, § 19.1; and (3) that "Plaintiff has failed to state a claim for breach of contract, or to plead fraud with particularity." ECF No. 6, p. 1. Alternatively, Defendants request that the Court transfer this action to the Eastern District of Oklahoma. ECF No. 6, p. 1. Defendants further state that Plaintiff has failed to address the fact that he ended the representation in November 2014, and argue that "[a]ny inadvertent filing of suit thereafter is irrelevant." ECF No. 6, p. 2. Defendants

take the position that, in light of Plaintiff's letter ending the representation, there was no attorney-client relationship and therefore Defendants owed no duty to file suit on behalf of Plaintiff. ECF No. 6, p. 2.

## II. DISCUSSION

Defendants devote a large portion of the present Motion to the issue of venue and the propriety of dismissal or transfer. In response, Plaintiff argues that, if the Court finds that the present action was filed in the improper venue, the case should be transferred to the Eastern District of Oklahoma. The Court will first address whether venue is proper in the Western District of Arkansas and then discuss the effect of that determination.

### A. Determination of Proper Venue

Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b)(2).

In the present case, Plaintiff argues that venue is proper in the Western District of Arkansas pursuant to 28 U.S.C. § 1391(b)(2). ECF No. 7, p. 3. Plaintiff states that Defendant Amy Harrison approached him while he was hospitalized in Fort Smith, Arkansas, and sought to represent him in his Oklahoma state court personal injury case. ECF No. 7, p. 3. Although Plaintiff has not re-asserted his argument that the attorney-client contract was entered into in Fort Smith,[1] he takes the position that "[Defendant Harrison's] conduct in soliciting the attorney-client relationship within the state of Arkansas was a significant event material to Plaintiff's claim, as no claim for any further conduct by Defendants would exist if not for the attorney-

---

[1] Defendants argue that time and date marks on the contract itself, attached to Defendants' Motion to Dismiss, indicate that it was sent to Arkansas via facsimile and returned via facsimile to Oklahoma for Defendant Harrison's signature. ECF No. 6, p. 7; ECF No. 6-3. This may explain why Plaintiff has failed to argue, as he did in his Complaint, that the contract in question was actually executed in Arkansas.

3

client relationship, which began in the State of Arkansas." ECF No. 7, p. 4. Plaintiff argues that this solicitation constitutes "a substantial part of the events or omissions giving rise to the claim" as contemplated by 28 U.S.C. § 1391(b)(2) and therefore venue is proper in the Western District of Arkansas. In contrast, although contending that the contract was not executed in the State of Arkansas, Defendants argue that "the execution of the agreement is not the basis of Plaintiff's claims, under the facts alleged, or a substantial part of the 'events or omissions' giving rise to this action." Therefore, Defendants argue, 28 U.S.C. § 1391(b)(2) does not support a finding that venue is proper in the Western District of Arkansas. The present issue of whether venue is proper turns on the language of 28 U.S.C. § 1391(b)(2) and the Court must determine whether Defendants' actions were sufficient to render venue proper in the Western District of Arkansas.

Under 28 U.S.C. § 1391(b)(2), "venue may be proper in any of a number of districts, provided only that a substantial part of the events giving rise to the claim occurred there." *Steen v. Murray*, 770 F.3d 698, 702 (8th Cir. 2014) (quoting *Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir. 1995)). "Under [§ 1391(b)(2)], we no longer ask which district among two or more potential forums is the 'best' venue." *Id*. (quoting *Setco Ent. Corp. v. Robbins,* 19 F.3d 1278, 1281 (8th Cir. 1994)). In making a venue determination under 28 U.S.C. § 1391(b)(2), "the court's *focus* must be on relevant activities of the defendant in the forum state[.]" *Id*. at 703 (emphasis in original). When determining whether venue is proper under a claim for breach of contract, courts look at various factors such as (1) where the contract was negotiated and/or executed, (2) the place of performance, and (3) the place where the contract was breached.[2] *See*, *e.g.*, *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366 (11th Cir. 2003).

---

[2] The Court will not discuss venue in the Western District of Arkansas as related to Plaintiff's fraud and negligence claims, as the wrongful actions Plaintiff alleges regarding those claims took place in Oklahoma.

In the present case, the record indicates that the parties disagree on the exact location where the representation agreement was executed. That being said, it appears to be undisputed that Defendant Amy Harrison approached Plaintiff and proposed representation while he was in Arkansas and, likely, negotiated the terms of representation while in Arkansas. However, the subject matter of the representation agreement centered around an automobile accident that occurred in Oklahoma, and Plaintiff wished to pursue recovery for that accident in Oklahoma under Oklahoma law. Thus, it is clear that the contract was to be wholly performed in Oklahoma. Furthermore, Plaintiff alleges that Defendants breached the contract by failing to timely file Plaintiff's personal injury action in Oklahoma, establishing that the alleged breach occurred in Oklahoma.

Now the Court will turn to whether Defendant Amy Harrison's actions in the State of Arkansas were sufficient to constitute "a substantial part of the events or omissions giving rise to the claim" as contemplated by 28 U.S.C. § 1391(b)(2). Although it is evident that some actions pertaining to the representation contract occurred within the state of Arkansas, those actions cannot be said to have been a substantial part of the events or omissions *giving rise* to the claim. It is certainly true that Defendants could not have allegedly breached the contract if Defendant Amy Harrison had not solicited Plaintiff in Arkansas and begun the contracting process, but the wrongful action complained of is a failure to timely file Plaintiff's personal injury suit. Thus, the action that gave rise to Plaintiff's claim occurred in Oklahoma. Therefore, the Court finds that venue is not proper in the Western District of Arkansas.[3]

---

[3] The Court also notes that, even if venue were proper in the Western District of Arkansas, the Texarkana Division would not be the correct division, as the only connection to the Texarkana Division is the fact that Plaintiff resides in De Queen, Arkansas.

**B. Dismissal Versus Transfer Pursuant to 28 U.S.C. § 1406**

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Thus, the Court must decide whether to dismiss the present action or transfer it to the appropriate venue. Courts generally prefer transfer as opposed to dismissal. *See*, *e*,*g*., *Brimer v. Levi*, 555 F.2d 656 (8th Cir. 1977); 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3827 (4th ed. 2013).

In the present case, it appears that transfer to the Eastern District of Oklahoma is appropriate, as venue is clearly established in that district and the interest of justice is best served by transfer. The Court notes that the record provides ample support for this conclusion. First, Plaintiff initially filed in the Western District of Arkansas, and erroneously believed venue proper there, due to Defendant Harrison's actions, namely soliciting Plaintiff while he was within the boundaries of the Western District of Arkansas. Likewise, the present case alleges causes of action that call into question an attorney's ability to perform her legal and ethical duties. Although the District Court for the Eastern District of Oklahoma may well find that Defendant Harrison has not acted inappropriately or committed legal malpractice, this is an important issue that needs to be decided on the merits. Finally, the Court finds that principles of judicial economy are best served by transfer.

Thus, the Court finds that, pursuant to 28 U.S.C. § 1406(a), the present action should be transferred to the Eastern District of Oklahoma.

## III. CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motion to Dismiss (ECF No. 6) should be and hereby is **DENIED**. The Clerk is directed to immediately transfer this case to the United States District Court for the Eastern District of Oklahoma for further adjudication.

**IT IS SO ORDERED**, on this 20th day of January, 2017.

      /s/ Susan O. Hickey
      Susan O. Hickey
      United States District Judge